574 A.2d 114

**Edward F. BROWNE, Jr., Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided April 9, 1990.

Reargument Denied June 6, 1990.

J. Richard Gray, Windolph, Burkholder, Stainton and Gray, for appellant.

Christopher J. Clements, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

CRUMLISH, Jr., President Judge.

Our Supreme Court vacated this Court's prior Order in *Browne v. Department of Transportation, Bureau of Traffic Safety,* (No. 494 C.D.1988, filed September 2, 1988) (*Browne I*), and remanded with instructions to reconsider our decision in light of *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

In *Browne I,* we affirmed the Lancaster County Common Pleas Court order upholding the Department of Transportation's (Department) suspension of Edward Browne, Jr.'s driver's license for refusing to submit to a breathalyzer. Upon consideration of this appeal in light of the dictates of *O'Connell,* we affirm.

Browne was arrested for driving under the influence of alcohol and taken to the police station for chemical testing. The facts pertinent to his refusal, as found by the trial court, are as follows:

> The appellant was then asked to take a breathalyzer test. He responded Capital N Capital O, NO.
>
> He was told if he does not take the test, his license will be suspended. The appellant said that he is not going to say yes and that he is not going to say no and that he's just not going to say anything.
>
> Once again Officer Bradley asked appellant to take the breathalyzer and demonstrated how it was to be done. When asked if he would take it now, the appellant said 'No, I'm not going to take the test.'
>
> Prior to being asked whether he would take the breathalyzer, the appellant was advised of his Constitutional rights and indicated he did not wish to be questioned.

*Browne v. Department of Transportation, Bureau of Traffic Safety,* (Lancaster County Common Pleas Court, No. 1313 of 1987, Civil Action–Law, filed March 31, 1988), slip op. at 3.

Browne contends that his conduct cannot be deemed a refusal because, under *O'Connell,* the police officer had a duty to first advise him that *Miranda* [1] rights do not apply to his decision to take or refuse the test. We disagree.

In *O'Connell,* the licensee's refusal was based on his mistaken belief that he had a right to consult an attorney before taking the test. Our Supreme Court held that this

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

was not a "knowing" refusal and therefore invalidated the license suspension. The Court held:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.*, 521 Pa. at 252, 555 A.2d at 878. The Court reasoned that imposing this affirmative, additional duty on police officers was appropriate in order to insure that "those arrestees who indicate their confusion over their *Miranda* rights, are not being misled into making uninformed and unknowing decisions to take the test." *Id.*, 521 Pa. at 253, 555 A.2d at 878.

We have recently stated that the *O'Connell* rule does not automatically apply to every request to submit to chemical testing. *See Department of Transportation, Bureau of Traffic Safety v. Tomczak*, 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990). Rather, we must review the factual circumstances surrounding the refusal, as they are determined by the trial court.

Here, since Browne himself did not testify before the trial court, the only testimony is that of the arresting officers. There is no indication that Browne requested to speak to an attorney, or that he was confused or uninformed when he refused the breathalyzer. Moreover, there is no finding by the trial court that Browne was under a mistaken belief that his right to remain silent included the right to refuse the breathalyzer.[2] Browne simply refused the test without

2. In the absence of any indication in the record, we will not speculate that Browne was confused or uninformed as to whether his *Miranda* right to remain silent applied to the breathalyzer request. Of course, it is plausible that he was well aware of his rights, but willing to incur a license suspension rather than submit to a breathalyzer.

offering any reasons to the police officer, or any subsequent explanation to the trial court.

Accordingly, we affirm.

## ORDER

The order of the Lancaster County Common Pleas Court, No. 1313–1987, Civil Action–Law, dated January 26, 1988, is affirmed.